**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD CUTCHINS,<br><br>                Plaintiff,<br><br>                v.<br><br>LOWE'S COMPANIES, INC.,<br><br>                Defendant. | Civil Action No. 23-355 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant Lowe's Companies, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Linwood Cutchins's ("Plaintiff") Complaint. (ECF No. 8.) Plaintiff opposed (ECF No. 10) and Defendant replied (ECF No. 11). After consideration of the parties' submissions, the Court decides Defendant's motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's motion is granted.

    Plaintiff alleges that Defendant is selling products that infringe U.S. Patent No. 11,399,979 (the "'979 Patent"). (Compl. 3, ECF No. 1.) Plaintiff attaches a document entitled "Cutchins IP Docket" to his Complaint which identifies the '979 Patent as being issued for an "Apparatus for Removing Debris From an Organ." (Ex. to Compl. 1, ECF No. 1-2.) Plaintiff's Complaint contains no further allegations other than that Plaintiff seeks $350,000 from Defendant "and[/]or [to] subpoena financial records for an understanding of the money profited from the sale of the infringing product(s)." (Compl. 4.) Defendant moves to dismiss Plaintiff's Complaint. (ECF No. 8-3.)

Federal Rule of Civil Procedure 8(a)(2)[1] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

In assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *Beasley v. Howard*, No. 19-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "pro se

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

Defendant moves to dismiss Plaintiff's Complaint on several grounds including: (1) that it was improperly served; (2) that this Court is not the proper venue for Plaintiff's claim; (3) that the Complaint fails to state a claim upon which relief can be granted; and (4) Plaintiff lacks standing to sue for infringement of the '979. (*See generally* Def.'s Moving Br., ECF No. 8-3.)

Here, the Court need not delve deeply into each of the issues that Defendant raises. Plaintiff's Complaint as written contains insufficient allegations to support an infringement claim against Defendant. (*See generally* Compl.) "To state a claim for direct infringement of a patent under 35 U.S.C. § 271, a complaint must: [(1)] name the accused product; (2) in each count, describe the alleged infringement; and (3) identify how the accused product infringed on every element of at least one claim in each of the plaintiff's patents." *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 582 F. Supp. 3d 199, 203 (D.N.J. 2022) (citation omitted).

As Defendant notes, Plaintiff's "Complaint fails to identify an "accused product" that he contends infringes the '979 Patent "or to identify a single claim of the '979 Patent . . . infringed by [Defendant]." (Def.'s Moving Br. 9); *see also id.* Without any knowledge of which of its products allegedly infringes the '979 Patent, Defendant is not sufficiently put on notice of the allegations brought against it. Fed. R. Civ. P. 8(a); *Bank of Utah v. Teterboro R.A.M.S., LLC*, No. 14-60, 2014 WL 2434201, at *2 (D.N.J. May 29, 2014) (citing *Twombly*, 550 U.S. at 555). Accordingly, Plaintiff's Complaint must be dismissed.

Furthermore, the Court is not yet persuaded that Plaintiff has standing to bring his infringement claim against Defendant. Specifically, nowhere in the Complaint does Plaintiff allege

3

that he owned all rights, title, and interest in the '979 Patent at the time he filed this lawsuit. (*See generally* Compl.); *see also Trendx Enter., Inc. v. All Luminum Prods., Inc.*, 856 F. Supp. 2d 661, 665-66 (D.N.J. 2012) (finding that a suit for infringement must "ordinarily be brought by a party holding 'legal title' to the patent"); *Minden Pictures Inc. v. Ammoland, Inc.*, No. 20-2276, 2023 WL 4288332, at *7 (D.N.J. June 30, 2023) ("[P]arties must having standing to bring patent infringement claims at the time they are brought" (quoting *P&G v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995))). As standing affects this Court's ability to consider Plaintiff's case, Plaintiff must establish in any amended complaint that he had legal title to the '979 Patent at the time he initially filed his Complaint in this matter. *Hoffman-La Roche Inc. v. Teva Pharm. USA*, No. 09-5283, 2011 WL 6028583, at *1 n.3 (D.N.J. Dec. 2, 2011) ("If a plaintiff lacks standing at the time the action is filed, then such a deficiency cannot be cured retroactively" (citing *Abraxis Biosciences, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010))); *see also Minden*, 2023 WL 4288332, at *7.

Finally, to the extent that Plaintiff failed to properly serve his Complaint on Defendant, Plaintiff must ensure that any service of an amended complaint complies with Rule 4(c). *See* Fed. R. Civ. P. 4(c).[2]

For the reasons outlined above,

**IT IS** on this ___13th___ day of December 2023 **ORDERED** that:

---

[2] The Court notes Defendant's contention that venue is improper in New Jersey. (Def.'s Moving Br. 6-8.) The Court does not reach this issue at this time, however, because Plaintiff provides little to no allegations in the Complaint, such that the Court could fairly consider the issue. *C.O. Truxton, Inc. v. Blue Caribe, Inc.*, No. 14-4231, 2014 WL 6883145, at *2 (D.N.J. Dec. 5, 2014) (noting that when a district court considers a Rule 12(b)(3) motion it examines, and takes as true, plaintiff's allegations and then contrasts those allegations with a defendant's affidavits). Defendant may move again under Rule 12(b)(3) should Plaintiff file an amended complaint and Defendant still believe this Court is an improper venue.

1. Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

3. Plaintiff shall have 30 days from the date this Memorandum Order is filed on the docket to file and properly serve the Defendant with any amended complaint. If Plaintiff fails to do so, Plaintiff's claims will be dismissed with prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE