**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD CUTCHINS, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S COMPANIES, INC., <br><br> Defendant. | Civil Action No. 23-355 (MAS) (RLS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Lowe's Companies, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 19) Plaintiff Linwood Cutchins's ("Plaintiff") Amended Complaint (ECF No. 15). Plaintiff opposed (ECF No. 22), and Defendant replied (ECF No. 23). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendant's Motion to Dismiss is granted.

**I.   BACKGROUND[1]**

Plaintiff is the owner of Patent #11399979 ("'979 Patent"), which is an apparatus for removing debris from a human organ, such as an eye. (Am. Compl. *1-3, ECF No. 15.)[2] Defendant allegedly sells products that infringe on the '979 Patent. (*Id.* at *3.*)

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

Plaintiff filed a complaint on January 19, 2023 (the "Original Complaint"), against Defendant alleging a medical patent infringement claim. (ECF No. 1.)[3] Defendant moved to dismiss the Original Complaint on May 4, 2023 (ECF No. 8), which the Court granted on December 13, 2023 ("December Order") because it "contain[ed] insufficient allegations to support an infringement claim against Defendant," namely it did not identify an "accused product" that allegedly infringed the '979 Patent. (Mem. Order 3, ECF No. 12.) The Court noted that "to the extent that Plaintiff failed to properly serve his Complaint on Defendant, Plaintiff must ensure that any service of an amended complaint complies with [Federal Rule of Civil Procedure] 4(c)."[4] (*Id.* at 4.) Finally, the Court ordered that "Plaintiff shall have 30 days from [December 13, 2023] to file and properly serve the Defendant with any amended complaint." (*Id.* at 5.)

On April 22, 2024, Plaintiff filed the Amended Complaint. (*See generally* Am. Compl.) Plaintiff filed proof of service on May 3, 2024, which indicated that the summons was mailed via the United States Postal Service ("USPS"), and Plaintiff signed the certificate of service as the "Server." (Executed Summons, ECF No. 17.) Even though Plaintiff filed the Amended Complaint untimely per the December Order, the Court accepted the Amended Complaint "[g]iven Plaintiff's *pro se* status."[5] (ECF No. 18.)

Approximately two months after Plaintiff filed the Amended Complaint, Defendant filed the instant motion to dismiss on the grounds that: (1) the Amended Complaint failed to state a

---

[3] Plaintiff originally tried to proceed in this matter *in forma pauperis*, but ultimately paid the filing fee on March 7, 2023.

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[5] While the Court accepted the Amended Complaint, it warned Plaintiff that "any future untimely amendments to his complaint will result in a dismissal with prejudice without exception." (ECF No. 18.)

2

claim under Rule 12(b)(6); (2) service was improper under Rules 4(c)(1) and 4(c)(2); and (3) venue is improper. (*See generally* Def.'s Moving Br., ECF No. 19-3.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 22), and Defendant replied (Def.'s Reply Br., ECF No. 23).

## II.   LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(4), a party may file a motion asserting insufficient process as a defense. Additionally, under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.

Rule 4 establishes the procedural requirements that must be met for proper service under Rules 12(b)(4) and 12(b)(5). "If a defendant is not served within [ninety] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Upon a showing of good cause for the delay by the plaintiff, the court "must extend the time for service for an appropriate period." *Id.* "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1. 2008) (quoting *Carpenter v. Young*, No. 04-927, 2004 WL 1858353, at *2 (E.D. Pa. Aug. 3, 2004)), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). "A *pro se* plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply . . . ." *Sykes v. Blockbuster Inc./Viacom*, No. 04-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006) (citing *Carlton v. Bullet*, No. 85-3546, 1989 WL 125365 (D.N.J. Oct. 16, 1989)), *aff'd sub nom.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006).

## III. DISCUSSION

Defendant argues that this Court should dismiss Plaintiff's Complaint for both insufficient process under Rule 12(b)(4) because Plaintiff did not include a copy of the Amended Complaint, and insufficient service of process under Rule 12(b)(5) because Plaintiff mailed the summons himself. (*See* Def.'s Moving Br. 8-9.) Plaintiff does not meaningfully oppose this argument. (*See generally* Pl.'s Opp'n Br.)

As an initial matter, the Court must determine whether Rule 4 or Rule 5 applies to service of the Amended Complaint. Rule 4 applies when a complaint is originally filed, and it provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *see Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 515 (3d Cir. 1988). Local Civil Rule 5.1(a) provides that "[s]ervice of all papers other than the initial summons and complaint shall be made in the manner specified in [Rule 5(b)].⁶ Rule 5, however, only applies to an amended complaint when the defendant was properly served with the initial summons and complaint under Rule 4. *Fontanez v. Hicks*, No. 20-20286, 2021 WL 1608902, at *4 (D.N.J. Apr. 23, 2021) (finding that Local Civil Rule 5.1(a) did not apply where certain defendants had "not been served with the original [c]omplaint"); *cf. Freedom Med., Inc. v. Hall*, No. 06-3195, 2012 WL 13005482, at *1 (E.D. Pa. Sept. 21, 2012) ("Rule 5 controls service of an amended complaint, at least when, as is the case here, the defendants to be served were named in a prior complaint and were properly served with that prior complaint under Rule 4.").⁷

---

⁶ Under Rule 5(b), one proper method of service is "filing . . . with the court's electronic-filing system."

⁷ The Court also directed Plaintiff to "ensure that any service of an amended complaint complies with Rule 4(c)." (Mem. Order 4.) As such, Plaintiff was on notice of which service rules applied to any amended complaint.

4

Here, the Court finds that Plaintiff did not properly serve Defendant with the initial summons and Original Complaint because Plaintiff's mailing did not include the Original Complaint. Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); (*see* Certification of Guillermo E. Baeza ¶ 5, ECF No. 8-1 ("Lowe's received by priority mail a copy of the summons with a collection of other documents from [Plaintiff], but none of those other documents included a copy of the Complaint.").) As such, Rule 4 governs service of the Amended Complaint.

In the instant case, Plaintiff's mailings similarly did not include a copy of the Amended Complaint (*see* Def.'s Moving Br. 8; Def.'s Moving Br., Certification of Guillermo E. Baeza ¶ 5, ECF No. 19-1), and therefore process was insufficient under Rule 12(b)(4). Even if Plaintiff's mailing included a copy of the Amended Complaint, however, Plaintiff's attempt to effectuate service was still procedurally improper because Plaintiff, himself, served Defendant. (*See* Executed Summons *1.) Rule 4(c)(2) states that a summons and complaint can be served by "any person who is at least 18 years of age and not a party [to the action]." Plaintiff, plainly stated, is a party to this action, and he attempted to serve Defendant himself, which is impermissible. *Touray v. Middlesex County*, 139 F. App'x 428, 430 (3d Cir. 2005) (finding service of process was not satisfied where a plaintiff was "identified as the server on the return receipt submitted to the [d]istrict [c]ourt"). Importantly, "*pro se* litigants are not excused from complying with the [Rule] governing service of process." *Dodson v King*, No. 23-3344, 2024 WL 4025863, at *1 (D.N.J. Aug. 30, 2024) (quoting *Richardson v. Cascade Skating Rink*, No. 19-8935, 2021 WL 1259669, at *1 (D.N.J. Apr. 6, 2021)). As such, Plaintiff's service of process was deficient under Rule 4(c)(2).

Moreover, since Plaintiff is serving a corporation, he must comply with Rule 4(h)(1), which prescribes two different options to effectuate proper service upon a corporation. One option requires a copy of the summons and complaint to be personally delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(h)(1). The second option allows service as prescribed by Rule 4(e)(1), which allows for service pursuant to the state law "in the state where the district court is located . . . ."[8] *See Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602-03 (D.N.J. 2003) (describing how to serve a corporation). As Plaintiff has not properly served Defendant, the motion to dismiss will be granted. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) (noting that "effective service of process is . . . a prerequisite to proceeding further in a case"); *Jabri v. Gonzalez*, No. 22-7448, 2024 WL 4719492, at *8 (D.N.J. Nov. 7, 2024) (dismissing second amended complaint where plaintiff did not properly serve defendant with summons and complaint under Rule 4).

Defendant urges this Court to dismiss the Amended Complaint with prejudice. (Def.'s Moving Br. 12-16.) Since Plaintiff is proceeding *pro se*, however, the Court will allow Plaintiff one final opportunity to adequately serve Defendant consistent with the Federal Rules of Civil Procedure. If Plaintiff does not properly serve Defendant in forty-five (45) days, the Court may dismiss the action with prejudice.

---

[8] The applicable New Jersey Court Rules that provide for service upon a corporation are 4:4-4(a)(6) and 4:4-4(b)(1).

IV.    **CONCLUSION**

For the above reasons, the Court dismisses Plaintiff's Amended Complaint without prejudice. An appropriate order will follow this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE