UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD CUTCHINS,<br><br>                Plaintiff,<br><br>                v.<br><br>LOWE'S COMPANIES, INC.,<br><br>                Defendant. | Civil Action No. 23-355 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

       This matter comes before the Court upon review of its docket. On January 28, 2025, this Court granted Defendant Lowe's Companies, Inc.'s ("Defendant") motion to dismiss pro se Plaintiff Linwood Cutchins's ("Plaintiff") Complaint for failure to properly serve the Summons and Complaint under the Federal Rules of Civil Procedure.[1] (ECF No. 31.) The Court gave Plaintiff forty-five days to properly serve Defendant. (ECF No. 30 at 6.)

       On February 5, 2025, Plaintiff filed a "Certificate of Service." (ECF No. 33.) This Certificate of Service, however, appears to be a copy of the Complaint that was sent to the Clerk's Office, and not a certificate of service verifying service of the Summons and Complaint on Defendant. (*See id.*) On March 14, 2025, the forty-five day deadline for Plaintiff to properly effectuate service on Defendant expired with no other filings from Plaintiff. As explained in the Court's January 28, 2025 Opinion, Defendant is a corporation that must be properly served under Rule 4(h), which provides two different options to effectuate proper service:

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual;[2] or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Under Rule 4(d)(1), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Any waiver request, however, must satisfy the requirements set forth in Rule 4(d). Here, it does not appear that Plaintiff effectuated service under Rule 4. Moreover, it does not appear that Plaintiff properly requested Defendant to waive service under Rule 4(d).

Because Plaintiff is proceeding pro se, however, the Court grants Plaintiff another opportunity to serve Defendant properly.

**IT IS, THEREFORE,** on this 25th day of March 2025, **ORDERED** as follows:

1. The Clerk of Court shall reopen this matter for consideration of Plaintiff's Certificate of Service.

2. Plaintiff is given thirty (30) days from the date of this Memorandum Order to properly serve Defendant pursuant to the Rules. If Plaintiff does not properly serve Defendant within that time, the Court may dismiss the action with prejudice.

3. The Clerk of Court shall administratively terminate this matter.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Under Rule 4(e)(1), Plaintiff may serve Defendant pursuant to the state law "in the state where the district court is located . . . ." Plaintiff may therefore choose to satisfy New Jersey Court Rule 4:4-4, which provides the relevant rules for service upon a corporation at 4:4-4(a)(6) and 4:4-4(b)(1).