**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINWOOD CUTCHINS,

    Plaintiff,

v.

LOWE'S COMPANIES, INC.,

    Defendant.

Civil Action No. 23-355 (MAS) (RLS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

  This matter comes before the Court upon Plaintiff Linwood Cutchins's ("Cutchins") Motion for Expedited/Early Hearing and Request for Injunctive Relief (the "Motion for Hearing") (ECF No. 36) and Defendant Lowe's Companies, Inc.'s ("Lowe's") Motion to Dismiss (the "Motion to Dismiss") (ECF No. 37) Cutchins's Amended Complaint (the "Amended Complaint") (ECF No. 15) (collectively, the "Motions"). Cutchins opposed the Motion to Dismiss (ECF No. 38), and Lowe's replied (ECF No. 39). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons stated below, the Motions are denied as moot. The Court will dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[1]

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.  **BACKGROUND**[2]

Cutchins is the owner of Patent #11399979 ("'979 Patent"), which is an apparatus for removing debris from a human organ, such as an eye. (Am. Compl. *1-3, ECF No. 15.)[3] Lowe's allegedly sells products that infringe on the '979 Patent. (*Id.* at *3.)

Cutchins filed a complaint against Lowe's on January 19, 2023 (the "Original Complaint"), alleging a medical patent infringement claim. (Compl., ECF No. 1.)[4] Lowe's moved to dismiss the Original Complaint on May 4, 2023 (ECF No. 8), which the Court granted on December 13, 2023 ("December Order") because it "contain[ed] insufficient allegations to support an infringement claim against Defendant," namely it did not identify an "accused product" that allegedly infringed the '979 Patent. (Dec. 2023 Mem. Order 3, ECF No. 12.) The Court noted that "to the extent that Plaintiff failed to properly serve his Complaint on Defendant, Plaintiff must ensure that any service of an amended complaint complies with Rule 4(c)." (*Id.* at 4.) The Court ordered that "Plaintiff shall have 30 days from [December 13, 2023] to file and properly serve the Defendant with any amended complaint." (*Id.* at 5.) The Court further stated that if Cutchins did not properly serve Lowe's within the thirty days, Cutchins's claims would be dismissed with prejudice. (*Id.*)

On April 22, 2024, Cutchins filed the Amended Complaint. (*See generally* Am. Compl.) Cutchins filed proof of service on May 3, 2024, which indicated that the Summons (the "Summons") was mailed via the United States Postal Service ("USPS"), and Cutchins signed the certificate of service as the "Server." (Executed Summons, ECF No. 17.) Even though Cutchins

---

[2] For the purpose of considering the Motions, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[3] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[4] Cutchins originally tried to proceed in this matter *in forma pauperis*, but ultimately paid the filing fee on March 7, 2023.

filed the Amended Complaint untimely per the December Order, the Court accepted the Amended Complaint "[g]iven Plaintiff's [*pro se*] status."[5] (May 2024 Order, ECF No. 18.)

Approximately two months after Cutchins filed the Amended Complaint, on June 21, 2024, Lowe's filed its first motion to dismiss on the grounds that: (1) the Amended Complaint failed to state a claim under Rule 12(b)(6); (2) service was improper under Rules 4(c)(1) and 4(c)(2); and (3) venue is improper. (*See generally* Def.'s June 2024 Moving Br., ECF No. 19-3.) Cutchins opposed (Pl.'s July 2024 Opp'n Br., ECF No. 22), and Lowe's replied (Def.'s July 2024 Reply Br., ECF No. 23).

On August 3, 2024, Cutchins filed correspondence articulating in part that "[a]ny alleged deficiencies in the service of process were unintentional and arose from my lack of formal legal training. These procedural missteps should not distract from the substantive validity of my claims." (Aug. 2024 Correspondence, ECF No. 24.)

On August 28, 2024 (ECF No. 25) and October 7, 2024 (ECF No. 27), Cutchins filed additional correspondence articulating requests for expedited consideration.

On January 20, 2025, Cutchins filed his first motion for expedited/early hearing and injunctive relief. (ECF No. 29.)

On January 28, 2025, this Court granted Lowe's motion to dismiss and dismissed Cutchins's Amended Complaint without prejudice for failure to properly serve the Summons and Complaint under the Rules. (Jan. 2025 Mem. Op. 5, ECF No. 30; Jan. 2025 Order, ECF No. 31.) This Court gave Cutchins another forty-five days to properly serve Lowe's, instructed Cutchins how to properly serve Lowe's, and warned if Cutchins did not properly serve Lowe's within the

---

[5] While the Court accepted the Amended Complaint, it warned Cutchins that "any future untimely amendments to his complaint will result in a dismissal with prejudice without exception." (May 2024 Order.)

forty-five days, the Amended Complaint may be dismissed with prejudice. (Jan. 2025 Mem. Op. 6.)

On February 3, 2025, the Court administratively terminated Cutchins's first motion for expedited/early hearing and request for injunctive relief pending proper service. (Feb. 2025 Order, ECF No. 32.)

On February 5, 2025, Cutchins filed a certificate of service. (*See generally* Feb. 2025 Certificate of Serv., ECF No. 33.) The certificate of service, however, appeared to be a copy of the Amended Complaint that was sent to the Clerk's Office, and not a certificate of service verifying service of the Summons and Complaint. (*See generally id.*)

On March 25, 2025, the Court reopened the matter for consideration of Cutchins's certificate of service. (Mar. 2025 Mem. Order 1, ECF No. 34.) This Court once again gave Cutchins another thirty days to properly serve Lowe's, instructed Cutchins on how to properly serve Lowe's, and warned that if Cutchins did not properly serve Lowe's within the thirty days, the Amended Complaint may be dismissed with prejudice. (*Id.* at 1-2.)

On April 8, 2025, Cutchins filed the Amended Complaint again with a certificate of service demonstrating he improperly served Lowe's via USPS. (ECF No. 35.)

On the same day, Cutchins filed the Motion for Hearing instead of properly serving Lowe's. (Pl.'s Apr. 2025 Mot. for Hearing, ECF No. 36.)

On May 6, 2025, Lowe's filed the instant Motion to Dismiss (Def.'s May 2025 Mot. to Dismiss, ECF No. 37), and Cutchins opposed (Pl.'s May 2025 Opp'n Br., ECF No. 38-1). In the opposition, Cutchins acknowledged that he improperly served Lowe's, argued in part that any service deficiencies should be excused due to his *pro se* status, and requested additional time to

4

properly serve. (Pl.'s May 2025 Opp'n Br. 7-11, 13, 21.) Lowe's replied. (Def.'s May 2025 Reply Br., ECF No. 39.)

On June 6, 2025, Cutchins filed another certificate of service. (June 2025 Certificate of Serv., ECF No. 40.) The certificate of service did not mention the Summons or Complaint, or any waiver of service. (*Id.*)

To date, Cutchins has failed to demonstrate that he properly served Lowe's.

## II.   **LEGAL STANDARD**

Dismissal of a complaint may be appropriate under Rule 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).[6]

In such circumstances, courts can dismiss a complaint *sua sponte* with prejudice. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984) (affirming district court's *sua sponte* dismissal with prejudice when plaintiff failed to comply with court orders); *Dickens v. Danberg*, 700 F. App'x 116, 118-19 (3d Cir. 2017) (affirming dismissal with prejudice when plaintiff failed to prosecute); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)) (stating "a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order"); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (stating "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control

---

[6] A failure to prosecute and a failure to comply with court orders is often used interchangeably. *See Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994) (demonstrating a failure to comply with court orders may constitute lack of prosecution); *Shaw v. Obermier*, No. 11-276, 2014 WL 3853862, at *3 (D.N.J. Aug. 6, 2014) (same); *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, No. 22-5017, 2025 WL 2331326, at *2 (D.N.J. Aug. 12, 2025) (same).

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

In *Poulis*, the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) willful or bad faith conduct; (5) alternative sanctions; and (6) meritoriousness of the claims or defenses. 747 F. 2d at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citation omitted).

### III.  DISCUSSION

This Court provided Cutchins multiple extensions and multiple sets of instructions on how to properly serve Lowe's. (*See* Dec. 2023 Mem. Order; Jan. 2025 Mem. Op.; Jan. 2025 Order; Mar. 2025 Mem. Order.) Cutchins, however, still has not properly served Lowe's. As such, the Court will dismiss the Complaint with prejudice pursuant to the factors outlined in *Poulis*, 747 F. 2d at 863.

#### A.  The Extent of Cutchins's Personal Responsibility

The Court first analyzes Cutchins's personal responsibility in stifling the case's progress. Here, Cutchins carries full responsibility for the case's progress as a *pro se* litigant. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (stating "it is logical to hold a [*pro se*] plaintiff personally responsible for delays in his case because a [*pro se*] plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney"); *Young v. Somerset Cnty. Jail*, 515 F. App'x 107, 108-09 (3d Cir. 2013) (quoting *Briscoe*, 538 F.3d at 258-59) (stating "[w]e agree with the [m]agistrate [j]udge that the first factor,

which focuses on the extent of [plaintiff's] personal responsibility, weighs against [plaintiff] because, as a [*pro se*] litigant, he is 'solely responsible for the progress of his case'"); *Dickens*, 700 F. App'x at 118 (articulating "the responsibility for [plaintiff's] failure to participate in the litigation falls on him, as he proceeded [*pro se*]"). To progress this case, Cutchins had one primary initial responsibility—properly serve Lowe's. Despite this Court's repeated instructions and extensions, Cutchins never did so. (*See* Dec. 2023 Mem. Order; Jan. 2025 Mem. Op.; Jan. 2025 Order; Mar. 2025 Mem. Order.) The first *Poulis* factor, accordingly, weighs in favor of dismissal.

### B. Prejudice to Lowe's

Next, the Court analyzes whether Cutchins's failure to properly serve Lowe's caused prejudice. Prejudice is not limited to irreparable harm but may include "whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions.'" *Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *2 (D.N.J. Jan. 23, 2015) (quoting *Huertas v. City of Philadelphia*, No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005)); *Metro Metals USA v. All-State Diversified Prods., Inc.*, No. 12-1448, 2013 WL 1786593, at *2 (D.N.J. Apr. 25, 2013) (finding dismissal appropriate where defendant was "plainly prejudiced" by plaintiff's "failure to litigate its claim or comply with court orders," which "frustrate[d] and delay[ed] the resolution of th[e] action").

Here, Cutchins prejudiced Lowe's by repeatedly failing to effectuate service. Cutchins named Lowe's in a federal action on January 19, 2023 (Compl.) and still has not properly served Lowe's after thirty-two months. *See Gage v. Somerset Cnty.*, No. 19-9097, 2021 WL 7872185, at *2 (D.N.J. May 25, 2021), *R&R adopted*, No. 19-9097, 2022 WL 2223020 (D.N.J. June 21, 2022), *aff'd*, No. 22-2696, 2023 WL 179847 (3d Cir. Jan. 13, 2023) (finding that defendants "have been and continue to be prejudiced by [p]laintiff's failure to properly and timely effectuate service" after

almost three years); *Walker v. York Cnty. Tax Claim Bureau*, No. 09-1925, 2010 WL 11601725, at *3 (M.D. Pa. Mar. 12, 2010), *aff'd*, 396 F. App'x 783 (3d Cir. 2010) (finding plaintiff "has caused prejudice to [d]efendant since it has been named in a federal lawsuit and no action, including service of a proper pleading, has been made on it to date, over five (5) months after [p]laintiff filed his action"). The Court thus finds that the second *Poulis* factor weighs in favor of dismissal.

### C.  History of Dilatoriness, Willfulness, and Bad Faith

Next, the Court analyzes whether Cutchins acted dilatorily, willfully, and with bad faith. The Court first considers the extent and history of Cutchins's dilatoriness. The Third Circuit emphasizes that:

> [t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness[.]"). Here, Cutchins failed to properly serve Lowe's when he initially filed the Complaint thirty-two months ago and then ignored multiple Court Orders clearly instructing him on how to properly serve Lowe's with the Complaint and Summons. (*See* Dec. 2023 Mem. Order; Jan. 2025 Mem. Op.; Jan. 2025 Order; Mar. 2025 Mem. Order); *see, e.g.*, *Feliciano v. Spirit Tribe, Inc.*, No. 19-1356, 2020 WL 6059744, at *2 (M.D. Pa. Oct. 14, 2020) (stating "plaintiff's failure to serve defendant as well as his failure to respond to the court's Order for almost eight months, demonstrates a history of dilatoriness"). The third *Poulis* factor, accordingly, favors dismissal.

Now the Court considers the extent and history of Cutchins's willfulness and bad faith. Conduct that weighs in favor of dismissal is "'the type of willful or contumacious behavior' that

can be characterized as 'flagrant bad faith,'" such as ignoring admonitions by the court, demanding numerous extensions, and making false promises to correct delays. *Hildebrand*, 923 F.3d at 135 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)). "'Willfulness involves intentional or self-serving behavior.'" *Id.* (quoting *Adams*, 29 F.3d at 875).

Here, Cutchins repeatedly ignored the Court's admonitions. This Court provided Cutchins explicit instructions on how to properly serve multiple times. (*See* Dec. 2023 Mem. Order; Jan. 2025 Mem. Op.; Jan. 2025 Order; Mar. 2025 Mem. Order.) Each time, the Court warned him that if he did not properly serve Lowe's, he could face dismissal with prejudice. (*See* Dec. 2023 Mem. Order; Jan. 2025 Mem. Op.; Jan. 2025 Order; Mar. 2025 Mem. Order.)

Even with the repeated instructions and warnings, Cutchins continued to ignore the Court's directives. (*See generally* Pl.'s May 2025 Opp'n Br.) Cutchins acknowledged that he did not properly serve Lowe's, and instead, told this Court that it must relax service requirements because he is *pro se*. (*See id.* at 4-13.) Specifically, Cutchins claims that the Court should relax service requirements because his efforts demonstrate substantial compliance, Lowe's had actual notice of

9

the action, and good cause justifies an extension. (*See generally* Pl.'s May 2025 Opp'n Br.)[7] These arguments are not persuasive. *See Walker v. Pa. Off. of Admin.*, No. 23-2047, 2023 WL 8179274, at *1 n.3 (3d Cir. Nov. 27, 2023) (citing *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)) ("The fact that the defendants have actual notice does not excuse [*pro se* plaintiff] from properly serving them under Rule 4."); *Fulton v. V.I. Bureau of Internal Revenue*, No. 2011-132, 2014 WL 1345421, at *2 (D.V.I. Apr. 4, 2014) (citing *McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001)) ("Neither substantial compliance nor actual notice is enough to excuse a [*pro se*] litigant from his or her responsibilities under Rule 4.").

Moreover, Cutchins demanded extensions from this Court on top of the three already provided to him because of his *pro se* status. (Pl.'s May 2025 Opp'n Br. 4-8, 11, 13, 21.) This Court will not waive the Rules altogether just because Cutchins is *pro se*. *Mala*, 704 F.3d at 244-45 (stating there is "greater leeway to [*pro se*] litigants" in narrow circumstances, but *pro se* litigants

---

[7] Almost all the cases Cutchins cites do not stand for the propositions he claims. (*See generally* Pl.'s May 2025 Opp'n Br. (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3d Cir. 1992) (does not provide a "directive to avoid 'hyper-technical' dismissals where the defendant suffers no prejudice" and does not hold "actual notice mitigates service defects, particularly where the defendant engages in the case" as Cutchins claims); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (articulating that the court allows for procedural flexibility when dealing with *pro se* prisoners—not any *pro se* litigant—but then articulating there are limits to such flexibility, which Cutchins fails to mention); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) (does not demonstrate "good cause requires a showing of reasonable diligence, good faith, and lack of prejudice to the defendant" as Cutchins claims); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196-97 (3d Cir. 1998) (does not demonstrate "the Third Circuit found good cause where a [*pro se*] plaintiff made repeated, albeit flawed, service attempts"—rather the court found the opposite); *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (although articulating courts can consider notice and prejudice when deciding whether a service extension is warranted, the Third Circuit did not caution "against dismissing [*pro se*] cases" when there is notice and prejudice, and even affirmed an extension denial).) Not to mention, "*Raddack v. Pa. State Police*, 134 F. App'x 590, 592 (3d Cir. 2005)" does not exist. (*See* Pl.'s May 2025 Opp'n Br. 9.)

"still must serve process on the correct defendants," and "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (affirming district court's holding that a *pro se* plaintiff's "ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules"); *Conrad v. Potter*, No. 04-5094, 2006 WL 54337, at *2 (D.N.J. Jan. 10, 2006) (stating "even with the relaxed treatment accorded [*pro se*] plaintiffs, the Court has no power to adjudicate a suit over defendants who have not been served") (citations omitted). The fourth *Poulis* factor, accordingly, favors dismissal.

### D.    Alternative Sanctions

Next, this Court considers whether there are any alternative sanctions to dismissal. "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. "[W]here a plaintiff is proceeding [*pro se*] . . . no alternative sanctions exist[] because monetary sanctions, including attorney's fees, w[ill] not be an effective alternative." *Briscoe*, 538 F.3d at 262-63 (citation and internal quotation marks omitted); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding dismissal the only appropriate sanction where plaintiff was indigent). Considering Cutchins is *pro se*, the fifth *Poulis* factor favors dismissal.

### E.    Meritoriousness of the Claim or Defense

The final *Poulis* factor requires the Court to consider the merits of the parties' claims and defenses. Here, the Court "elect[s] not to address the sixth factor because the other factors . . . weigh[ ] heavily in favor of dismissal." *Gyasa-Nuage-Elijah v. Nash*, No. 23-4936, 2024 WL 3745389, at *5 (D.N.J. June 25, 2024) (quoting *McNamara v. Buehler*, No. 16-841, 2018 WL 9880301, at *3 (D.N.J. Nov. 16, 2018), *R&R adopted*, No. 16-841, 2019 WL 5448684 (D.N.J. Oct.

24, 2019)) (internal quotation marks omitted); *Wyndham Hotels & Resorts, LLC v. Welcome Hotel Grp.*, No. 17-4065, 2019 WL 13227089, at *4 (D.N.J. Dec. 10, 2019) ("With regard to the last *Poulis* factor, the Court does not need to analyze the facial merit[.] The *Poulis* test is a balancing test, and thus not all of the factors need to weigh in favor of sanctions."); *Harri-Das v. Singh*, No. 17-11385, 2021 WL 11959606, at *4 (D.N.J. Jan. 28, 2021) (same). The Third Circuit has instructed not every factor needs to weigh in favor of dismissal. *Hildebrand*, 923 F.3d at 132.

Because the Court has found that most of the *Poulis* factors weigh in favor of dismissal, the Court is satisfied that dismissal is the appropriate remedy.

## IV.   CONCLUSION

For the reasons set forth above, this Court will *sua sponte* dismiss the Complaint with prejudice. As such, the Court will deny the Motion to Dismiss and the Motion for Hearing as moot. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: 10/16/25

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**